Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
Keith D. Yandell (SBN 233146)
Email: kyandell@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612
Telephone:    +1 510 763 2000

Attorneys for Defendants World Savings Bank,
FSB and Ken Thompson

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUZ-MARIA URZUA**<br>Sramineus Homo, US Vessel,<br><br>    **Libellant,**<br><br>    v.<br><br>WORLD SAVINGS, KEN THOMPSON,<br>President, U.S. Vessel DOES, ROES, and MOES<br>1-100 et al, US Vessel sand,<br><br>    **Libellees,**<br><br>Luz-Maria: Urzua<br>Lien Holder of the Vessel, the Real Party<br>In Interest, Lawful Woman<br>Injured Third Party Intervener/Petitioner/,<br><br>    **Libellant**,<br><br>    v.<br><br>WORLD SAVINGS, KEN THOMPSON,<br>PRESIDENT, U.S. Vessel<br>DOES, ROES and MOES 1-100 et al<br>    **US VESSELS**<br>**INDIVIDUALLY AND SEVERALLY**,<br><br>    **Third Party Defendants/Libellees** | No.: CV 07-5931<br><br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES IN SUPPORT OF**<br>**DEFENDANTS' MOTION TO DISMISS**<br><br>Date:          January 31, 2008<br>Time:         2:00 p.m.<br>Place:         Courtroom 2<br>Compl. Filed:  November 26, 2007<br><br>Honorable Claudia Wilken |

## I.     INTRODUCTION

If the Court has read Luz-Maria Urzua's ("Plaintiff") incoherent and rambling "PetitliveOn For Libel Of Review Of An Administrative Judgment" ("Complaint"), the below motion is merely a formality.  Plaintiff's initial filing appears to be some sort of complaint filed against World Savings Bank, FSB (erroneously sued as "World Savings") and its President, Ken Thompson.[1]  However, the "Complaint" fails to state a single coherent thought, let alone a cause of action.  Plaintiff's *pro per* status does not excuse her failure to present any facts that could be interpreted to support a cause of action.  The Court should dismiss Plaintiff's Complaint because: 1) it fails to state facts upon which relief may be granted and 2) it is so incomprehensible World cannot reasonably be expected to respond to it.

## II.     FACTUAL BACKGROUND

On November 26, 2007, Plaintiff filed a document entitled "PetitliveOn For Libel of Review Of An Administrative Judgment."  World is unable to discern a single factual or legal allegation from this "Complaint."[2]  Thus, World is forced to bring the instant motion to dismiss.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Plaintiff's decision to personally name World's President in this action demonstrates the purpose (and effect) of the instant action is to harass World and its employees.

[2] Plaintiff has filed at least 3 other lawsuits in this District over the past two weeks.  See <u>Urzua v. Countrywide Bank</u>, Case No. 3:07-cv-05903-JCS, <u>Urzua v. America's Servicing Company</u>, Case No. 4:07-cv-05906-WDB, and <u>Urzua v. IndyMac Bank</u>, Case No. 3:07-cv-05932-WHA.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### III. LEGAL ANALYSIS

**A. Plaintiff's Complaint Should Be Dismissed Pursuant to Federal Rule Of Civil Procedure 12(b)(6) Because It Fails To State a Cause Of Action**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper when the complaint either exhibits a "lack of a cognizable legal theory or the absence of sufficient facts under a cognizable legal theory." Balisteri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1988). If amendment of a complaint would be futile, leave to amend should be denied. Albrecht v. Lund, 845 F.2d 193 (1988).[3]

Plaintiff fails to identify *any* facts, let alone those sufficient to support a cause of action against World or Mr. Thompson (collectively, "Defendants"). Indeed, the only thing that is clear from Plaintiff's factually devoid Complaint is that she has no cause of action against Defendants, especially not one arising under admiralty law. It appears that Plaintiff filed this document merely to harass Defendants. Thus, the Court should dismiss Plaintiff's Complaint with prejudice for failure to state facts upon which relief may be granted.

**B. Plaintiff's Complaint Should Be Dismissed Pursuant to Federal Rule Of Civil Procedure 12(2) Because It Is So Vague And Ambiguous World Cannot Reasonably Be Expected To Respond**

Federal Rule of Civil Procedure 12(e) states, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a

---

[3] It is important to note that a plaintiff who represents herself is not entitled to special treatment. To the contrary, she is required to comply with the same rules of civil procedure governing all litigants. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

1  responsive pleading, the party may move for a more definite statement before interposing a
2  responsive pleading." A Rule 12(e) motion for a more definite statement is properly granted "where
3  the complaint is so general that ambiguity arises in determining the nature of the claim or the parties
4  against whom it is being made." Optovue Corp. v. Carl Zeiss Meditec, Inc., No. 07-3010, 2007 U.S.
5  Dist. LEXIS 65647 (N.D. Cal. Aug 20, 2007) (citations omitted).

7  It is hard to imagine a Complaint more susceptible to a Rule 12(e) motion than the
8  one currently before this Court. Plaintiff cites everything from admiralty law to the Bible in failing
9  to identify any relevant factual or legal allegations in support of her claim. See Complaint, 3:13
10 ("The law of the flag: Man is created in the image of God and to reduce a man to chattel against the
11 national debt is an affront to God. Exodus, 13:16 and Genesis 1:27"). Even when Plaintiff uses legal
12 jargon, she juxtaposes terms in such a way as to create "sentences" void of any meaning. Id. at 6:p
13 ("The Liballees/Respondents failed to respond and answer and are in Collateral Estoppel, Tacit
14 Procuration, Stare Decisis, Estoppel, by Acquiesence and Res Judicata by Agreement and cannot
15 proceed."). In some places, Plaintiff uses her name interchangeably with that of a ship. Id.. at 6:u
16 ("The injured party petitioner/libellant/Claimant's holds a priority commercial claim against the
17 debtor named Luz-Maria Urzua Stramineus Homo, A U.S. Vessel by legal definition…"). In sum,
18 World cannot be reasonably expected to understand what Plaintiff is claiming, let alone respond to
19 those complaints. Thus, Plaintiff's Complaint should be dismissed pursuant to Rule 12(e) as well.

21 **C.    Plaintiff's Complaint Should Be Dismissed Pursuant to Federal Rule Of Civil**
22 **       Procedure 12(b)(1) Because It Fails To State Facts Sufficient To Show This Court Has**
23 **       Jurisdiction**

25 Finally, it is well settled that Federal courts are courts of limited jurisdiction. Unlike
26 state courts, they have no "inherent" or "general" subject matter jurisdiction. Federal courts can
27 only adjudicate cases as authorized by the Constitution or statute. See Kokken v. Guardian Life Ins.
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

DOCSOAK-9894360.2

Co of American, 511 US 375, 380-81 (1994). The proper means for challenging lack of subject matter jurisdiction is a Rule 12(b)(1) motion.

Although Plaintiff appears to claim that this court may exercise admiralty jurisdiction over the instant matter, the Complaint and common sense do not support such a claim. The Complaint fails to identify any facts to support Plaintiff's claim of admiralty jurisdiction. This is not surprising as she is suing a bank that does not conduct business on the "high seas." Again, Plaintiff's complaint is nonsense and should be dismissed for lack of jurisdiction.

## IV.    CONCLUSION

World and Mr. Thompson have already wasted considerable time and resources responding to Plaintiff's nonsensical Complaint. Plaintiff should not be permitted to further abuse the judicial process and harass Defendants. Thus, as outlined above, the Court should dismiss Plaintiff's Complaint *with prejudice*.

DATED:  December 6, 2007.

REED SMITH LLP

By    /s/ Keith D. Yandell
    Jack R. Nelson
    Keith D. Yandell
    Attorneys for Defendants World Savings Bank, FSB and Ken Thompson